IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.: 06-cv-01960-PSF-BNB

DC Aviation, LLC,

Plaintiff,

v.

AvBASE FLIGHT SERVICES, LLC.;
JET PARTNERS, LLC;
JOHN DEPALMA;
AFS GROUP LLC (d/b/a Avbase, Avbase Aviation, LLC, Avbase Flight Services, LLC. Jet Partners, LLC and Private Management, LLC);
PRIVATE JET MANAGEMENT, LLC; and
DOES 1 THROUGH 25,

Defendants.

## ANSWER AND JURY DEMAND

Defendants AvBase Flight Services, LLC and Jet Partners, LLC by their attorneys White and Steele, P.C., submit their answer to Plaintiffs' Amended Complaint. The portions of the Amended Complaint not responded to herein are the subject of a F.R.C.P. 12(b)(2) Motion, filed contemporaneously herewith.

### FIRST DEFENSE
**[Admissions and Denials]**

1.   AvBase Flight Services, LLC (individually "AvBase Flight Services") and Jet Partners, LLC (individually "Jet Partners") (collectively "Defendants") are without knowledge of

the allegations asserted in paragraph 1, sufficient to allow them to admit or deny the same, therefore they are denied.

2. As to the allegations of paragraph 2, Defendants admit AvBase Flight Services is an Ohio limited liability company whose members are citizens and residents of the state of Ohio.

3. As to the allegations of paragraph 3, Defendants admit Jet Partners is an Ohio limited liability company whose members are citizens and residents of the state of Ohio.

4. Defendants are without knowledge of the allegations asserted in paragraph 4, sufficient to allow them to admit or deny the same, therefore they are denied.

5. Defendants are without knowledge of the allegations asserted in paragraph 5, sufficient to allow them to admit or deny the same, therefore they are denied.

6. Defendants are without knowledge of the allegations asserted in paragraph 6, sufficient to allow them to admit or deny the same, therefore they are denied.

7. Defendants are without knowledge of the allegations asserted in paragraph 7, sufficient to allow them to admit or deny the same, therefore they are denied.

8. Defendants are without knowledge of the allegations asserted in paragraph 8, sufficient to allow them to admit or deny the same, therefore they are denied.

9. As to the allegations of paragraph 9, the Lockbox Agreement speaks for itself. Defendants are without knowledge as to the balance of the allegations of paragraph 9 sufficient to allow them to admit or deny the same, therefore they are denied.

10. As to the allegations of paragraph 10, the Lockbox Agreement speaks for itself. Defendants are without knowledge as to the balance of the allegations of paragraph 9 sufficient to allow them to admit or deny the same, therefore they are denied.

11. Defendants are without knowledge of the allegations asserted in paragraph 11, sufficient to allow them to admit or deny the same, therefore they are denied.

12. Defendants are without knowledge of the allegations asserted in paragraph 12, sufficient to allow them to admit or deny the same, therefore they are denied.

13. Defendants are without knowledge of the allegations asserted in paragraph 13, sufficient to allow them to admit or deny the same, therefore they are denied.

14. Defendants are without knowledge of the allegations asserted in paragraph 14, sufficient to allow them to admit or deny the same, therefore they are denied.

15. Defendants are without knowledge of the allegations asserted in paragraph 15, sufficient to allow them to admit or deny the same, therefore they are denied.

16. Defendants are without knowledge of the allegations asserted in paragraph 16, sufficient to allow them to admit or deny the same, therefore they are denied.

17. As to the allegations of paragraph 17, Defendants admit AvBase Flight Services is an Ohio limited liability company formed on February 5, 2001, in accordance with the laws of Ohio. Defendants are without knowledge as to the balance of the allegations of paragraph 17 sufficient to allow them to admit or deny the same, therefore they are denied.

18. As to the allegations of paragraph 18, Defendants admit Mr. DePalma signed AvBase Flight Services' Articles of Organization, which were filed with the Ohio Secretary of State, and the address listed for which interested persons may direct requests for AvBase Flight Services' operating agreements and/or bylaws was 4472 Mallard Circle, Mallard, Ohio 44145. Defendants are without knowledge as to the balance of the allegations of paragraph 18 sufficient to allow them to admit or deny the same, therefore they are denied.

19. Defendants are without knowledge of the allegations asserted in paragraph 19, sufficient to allow them to admit or deny the same, therefore they are denied.

20. As to the allegations of paragraph 20, Defendants admit AvBase Flight Services began operating on February 5, 2001. Defendants are without knowledge as to the balance of the allegations of paragraph 20 sufficient to allow them to admit or deny the same, therefore they are denied.

21. As to the allegations of paragraph 21, Defendants admit Jet Partners is an Ohio limited liability company formed on January 23, 2003, in accordance with the laws of Ohio. Defendants deny the remaining allegations of paragraph 21.

22. Defendants are without knowledge of the allegations asserted in paragraph 22, sufficient to allow them to admit or deny the same, therefore they are denied.

23. As to the allegations in paragraph 23, Defendants admit Mr. DePalma signed the Lease Agreement, Lockbox Agreement, and letter dated February 15, 2006 on behalf of AvBase Flight Services as AvBase Flight Services chairman, manager, or president. Defendants admit Mr. DePalma signed the Guaranty to the Lease Agreement and Guaranty to the Lockbox Agreement on behalf of Jet Partners as chairman or manager. Defendants are without knowledge as to the balance of the allegations of paragraph 23 sufficient to allow them to admit or deny the same, therefore they are denied.

24. Defendants are without knowledge of the allegations asserted in paragraph 24, sufficient to allow them to admit or deny the same, therefore they are denied.

25. Defendants are without knowledge of the allegations asserted in paragraph 25, sufficient to allow them to admit or deny the same, therefore they are denied.

26. Defendants are without knowledge of the allegations asserted in paragraph 26, sufficient to allow them to admit or deny the same, therefore they are denied.

27. As to the allegations of paragraph 27, a complaint filed in Cuyahoga County, Ohio speaks for itself.

28. Defendants are without knowledge of the allegations asserted in paragraph 28, sufficient to allow them to admit or deny the same, therefore they are denied.

29. Defendants are without knowledge of the allegations asserted in paragraph 29, sufficient to allow them to admit or deny the same, therefore they are denied.

30. Defendants are without knowledge of the allegations asserted in paragraph 30, sufficient to allow them to admit or deny the same, therefore they are denied.

31. Defendants are without knowledge of the allegations asserted in paragraph 31, sufficient to allow them to admit or deny the same, therefore they are denied.

32. Defendants are without knowledge of the allegations asserted in paragraph 32, sufficient to allow them to admit or deny the same, therefore they are denied.

33. Defendants are without knowledge of the allegations asserted in paragraph 33, sufficient to allow them to admit or deny the same, therefore they are denied.

34. Defendants are without knowledge of the allegations asserted in paragraph 34, sufficient to allow them to admit or deny the same, therefore they are denied.

35. Defendants are without knowledge of the allegations asserted in paragraph 35, sufficient to allow them to admit or deny the same, therefore they are denied.

36.     Defendants are without knowledge of the allegations asserted in paragraph 36, sufficient to allow them to admit or deny the same, therefore they are denied.

37.     As to the allegations in paragraph 37, Defendants admit that Mr. DePalma corresponded with DC Aviation regarding leasing DC Aviation's Gulfstream G-200 and Fred W. Kirby is AvBase Flight Services' Vice President of Flight Operations.  The April 4, 2005 letter speaks for itself.  Defendants are without knowledge as to the balance of the allegations of paragraph 37 sufficient to allow them to admit or deny the same, therefore they are denied.

38.     Defendants are without knowledge of the allegations asserted in paragraph 38, sufficient to allow them to admit or deny the same, therefore they are denied.

39.     As to the allegations in paragraph 39, Defendants admit AvBase Flight Services operates under the name AvBase Flight Services, LLC.  Defendants are without knowledge as to the balance of the allegations of paragraph 39 sufficient to allow them to admit or deny the same, therefore they are denied.

40.     Defendants are without knowledge of the allegations asserted in paragraph 40, sufficient to allow them to admit or deny the same, therefore they are denied.

41.     Defendants are without knowledge of the allegations asserted in paragraph 41, sufficient to allow them to admit or deny the same, therefore they are denied.

42.     Defendants are without knowledge of the allegations asserted in paragraph 42, sufficient to allow them to admit or deny the same, therefore they are denied.

43.     Defendants are without knowledge of the allegations asserted in paragraph 43, sufficient to allow them to admit or deny the same, therefore they are denied.


44. As to the allegations in paragraph 44, Defendants admit on May 27, 2005, Mr. DePalma, acting on behalf of AvBase Flight Services, signed the Lease Agreement to lease a Gulfstream G-200 from DC Aviation for five years. Defendants are without knowledge as to the balance of the allegations of paragraph 44 sufficient to allow them to admit or deny the same, therefore they are denied.

45. As to allegations in paragraph 45, the Lease Agreement speaks for itself.

46. As to the allegations in paragraph 46, Defendants admit Mr. DePalma, acting on behalf of Jet Partners, signed a Guaranty to Lease Agreement. The Guaranty to the Lease Agreement speaks for itself. Defendants are without knowledge as to the balance of the allegations of paragraph 46 sufficient to allow them to admit or deny the same, therefore they are denied.

47. Defendants are without knowledge of the allegations asserted in paragraph 47, sufficient to allow them to admit or deny the same, therefore they are denied.

48. The allegations of paragraph 48 as they pertain to Defendants are denied, Defendants are without knowledge as to the balance of the allegations of paragraph 48 sufficient to allow them to admit or deny the same, therefore they are denied.

49. The allegations of paragraph 49 as they pertain to Defendants are denied, Defendants are without knowledge as to the balance of the allegations of paragraph 49 sufficient to allow them to admit or deny the same, therefore they are denied.

50. The allegations of paragraph 50 as they pertain to Defendants are denied, Defendants are without knowledge as to the balance of the allegations of paragraph 50 sufficient to allow them to admit or deny the same, therefore they are denied.

51. The allegations of paragraph 51 as they pertain to Defendants are denied, Defendants are without knowledge as to the balance of the allegations of paragraph 51 sufficient to allow them to admit or deny the same, therefore they are denied.

52. Defendants are without knowledge of the allegations asserted in paragraph 52, sufficient to allow them to admit or deny the same, therefore they are denied.

53. As to the allegations in paragraph 53, Defendants admit Mr. DePalma, acting on behalf of AvBase Flight Services, signed the Lockbox Agreement. The Lockbox Agreement speaks for itself. Defendants are without knowledge as to the balance of the allegations of paragraph 53 sufficient to allow them to admit or deny the same, therefore they are denied.

54. Defendants are without knowledge of the allegations asserted in paragraph 54, sufficient to allow them to admit or deny the same, therefore they are denied.

55. The allegations of paragraph 55 as they pertain to Defendants are denied, Defendants are without knowledge as to the balance of the allegations of paragraph 55 sufficient to allow them to admit or deny the same, therefore they are denied.

56. Defendants are without knowledge of the allegations asserted in paragraph 56, sufficient to allow them to admit or deny the same, therefore they are denied.

57. Defendants are without knowledge of the allegations asserted in paragraph 57, sufficient to allow them to admit or deny the same, therefore they are denied.

58. As to the allegations in paragraph 58, Defendants admit Mr. DePalma, acting on behalf of AvBase Flight Services, signed a letter dated February 15, 2006. The February 15, 2006 letter speaks for itself. Defendants are without knowledge as to the balance of the

allegations of paragraph 58 sufficient to allow them to admit or deny the same, therefore they are denied.

59.     Defendants are without knowledge of the allegations asserted in paragraph 59, sufficient to allow them to admit or deny the same, therefore they are denied.

60.     Defendants are without knowledge of the allegations asserted in paragraph 60, sufficient to allow them to admit or deny the same, therefore they are denied.

61.     The allegations of paragraph 61 as they pertain to Defendants are denied, Defendants are without knowledge as to the balance of the allegations of paragraph 61 sufficient to allow them to admit or deny the same, therefore they are denied.

## FIRST CLAIM FOR RELIEF
### [Breach of Lease Contract]

62.     Defendants are without knowledge of the allegations asserted in paragraph 62, sufficient to allow them to admit or deny the same, therefore they are denied.

63.     As to the allegations in paragraph 63, Defendants admit Mr. DePalma, acting on behalf of AvBase Flight Services, signed a Lease Agreement with DC Aviation. The Lease Agreement speaks for itself. Defendants are without knowledge as to the balance of the allegations of paragraph 63 sufficient to allow them to admit or deny the same, therefore they are denied.

64.     The allegations of paragraph 64 are denied.

65.     The allegations of paragraph 65 are denied.

66.     The allegations of paragraph 66 are denied.

## SECOND CLAIM FOR RELIEF
### [Breach of Guaranty Contract]

67. Defendants are without knowledge of the allegations asserted in paragraph 67, sufficient to allow them to admit or deny the same, therefore they are denied.

68. As to the allegations of paragraph 68, Defendants admit Mr. DePalma signed a Guaranty to the Lease Agreement, on behalf of Jet Partners acting as Jet Partners chairman.

69. The allegations of paragraph 69 are denied.

70. The allegations of paragraph 70 are denied.

71. The allegations of paragraph 71 are denied.

## THIRD CLAIM FOR RELIEF
### [Fraud]

72. Defendants are without knowledge of the allegations asserted in paragraph 72, sufficient to allow them to admit or deny the same, therefore they are denied.

73. The allegations of paragraph 73 are denied.

74. The allegations of paragraph 74 are denied.

75. The allegations of paragraph 75 are denied.

76. The allegations of paragraph 76 are denied.

77. The allegations of paragraph 77 are denied.

78. The allegations of paragraph 78 are denied.

79. The allegations of paragraph 79 are denied.

## FOURTH CLAIM FOR RELIEF
### [Unjust Enrichment]

80. Defendants are without knowledge of the allegations asserted in paragraph 80, sufficient to allow them to admit or deny the same, therefore they are denied.

81. Defendants are without knowledge of the allegations asserted in paragraph 81, sufficient to allow them to admit or deny the same, therefore they are denied.

## FIFTH CLAIM FOR RELIEF
### [Unjust Enrichment]

82. Defendants are without knowledge of the allegations asserted in paragraph 82, sufficient to allow them to admit or deny the same, therefore they are denied.

83. The allegations of paragraph 83 are denied.

## SIXTH CLAIM FOR RELIEF
### [Unjust Enrichment]

84. Defendants are without knowledge of the allegations asserted in paragraph 84, sufficient to allow them to admit or deny the same, therefore they are denied.

85. The allegations of paragraph 85 are denied.

## SEVENTH CLAIM FOR RELIEF
### [Negligent Misrepresentation]

86. Defendants are without knowledge of the allegations asserted in paragraph 86, sufficient to allow them to admit or deny the same, therefore they are denied.

87. The allegations of paragraph 87 are denied.

88. The allegations of paragraph 88 are denied.

89. The allegations of paragraph 89 are denied.

90. The allegations of paragraph 90 are denied.

91. The allegations of paragraph 91 are denied.

92. The allegations of paragraph 92 are denied.

93. The allegations of paragraph 93 are denied.

## EIGHTH CLAIM FOR RELIEF
### [Alter Ego]

94. Defendants are without knowledge of the allegations asserted in paragraph 94, sufficient to allow them to admit or deny the same, therefore they are denied.

95. The allegations of paragraph 95 are denied.

96. The allegations of paragraph 96 are denied.

97. The allegations of paragraph 97 are denied.

98. The allegations of paragraph 98 are denied.

## NINTH CLAIM FOR RELIEF
### [Alter Ego]

99. Defendants are without knowledge of the allegations asserted in paragraph 99, sufficient to allow them to admit or deny the same, therefore they are denied.

100. The allegations of paragraph 100 are denied.

101. The allegations of paragraph 101 are denied.

102. The allegations of paragraph 102 are denied.

103. The allegations of paragraph 103 are denied.

### TENTH CLAIM FOR RELIEF
### [Breach of Fiduciary Duty]

104. Defendants are without knowledge of the allegations asserted in paragraph 104, sufficient to allow them to admit or deny the same, therefore they are denied.

105. As to the allegations of paragraph 105, the law related to fiduciary duties speaks for itself.

106. As to the allegations in paragraph 106, Defendants admits Mr. DePalma signed the Lease Agreement, Lockbox Agreement, and letter dated February 15, 2006 on behalf of AvBase Flight Services as AvBase Flight Services' chairman, manager, or president. Defendants admit Me DePalma signed the Guaranty to the Lease Agreement and Guaranty to the Lockbox Agreement on behalf of Jet Partners as Jet Partners' chairman or manager. Defendants are without knowledge as to the balance of the allegations of paragraph 106 sufficient to allow them to admit or deny the same, therefore they are denied.

107. The allegations of paragraph 107 are denied.

108. The allegations of paragraph 108 are denied.

109. The allegations of paragraph 109 are denied.

110. The allegations of paragraph 110 are denied.

111. The allegations of paragraph 111 are denied.

### ELEVENTH CLAIM FOR RELIEF
### [Aiding and Abetting a Breach of Fiduciary Duty]

112. Defendants are without knowledge of the allegations asserted in paragraph 112, sufficient to allow them to admit or deny the same, therefore they are denied.

113. The allegations of paragraph 113 are denied.

114. The allegations of paragraph 114 are denied.

115. The allegations of paragraph 115 are denied.

116. The allegations of paragraph 116 are denied.

## TWELFTH CLAIM FOR RELIEF
### [Avoidance of Fraudulent Transfer]

117. Defendants are without knowledge of the allegations asserted in paragraph 117, sufficient to allow them to admit or deny the same, therefore they are denied.

118. The allegations of paragraph 118 are denied.

119. The allegations of paragraph 119 are denied.

120. The allegations of paragraph 120 are denied.

## THIRTEENTH CLAIM FOR RELIEF
### [Interference with Contract]

121. Defendants are without knowledge of the allegations asserted in paragraph 121, sufficient to allow them to admit or deny the same, therefore they are denied.

122. As to the allegations in paragraph 122, Defendants admit Mr. DePalma, acting on behalf of AvBase Flight Services, signed a Lease Agreement with DC Aviation on May 27, 2005. The Lease Agreement speaks for itself. Defendants admit Mr. DePalma, acting on behalf of Jet Partners, signed the Guaranty to the Lease Agreement. The Guaranty to the Lease Agreement speaks for itself.

123. The allegations of paragraph are 123 denied.

124. The allegations of paragraph 124 are denied.

125. The allegations of paragraph 125 are denied.

126. The allegations of paragraph 126 are denied.

## FOURTEENTH CLAIM FOR RELIEF
### [Civil Conspiracy]

127. Defendants are without knowledge of the allegations asserted in paragraph 127, sufficient to allow them to admit or deny the same, therefore they are denied.

128. The allegations of paragraph 128 are denied.

129. The allegations of paragraph 129 are denied.

130. The allegations of paragraph 130 are denied.

131. The allegations of paragraph 131 are denied.

## FIFTEENTH CLAIM FOR RELIEF
### [Outside Reverse Veil Piercing]

132. Defendants are without knowledge of the allegations asserted in paragraph 132, sufficient to allow them to admit or deny the same, therefore they are denied.

133. Defendants are without knowledge of the allegations asserted in paragraph 133, sufficient to allow them to admit or deny the same, therefore they are denied.

134. Defendants are without knowledge of the allegations asserted in paragraph 134, sufficient to allow them to admit or deny the same, therefore they are denied.

135. Defendants are without knowledge of the allegations asserted in paragraph 135, sufficient to allow them to admit or deny the same, therefore they are denied.

## SIXTEENTH CLAIM FOR RELIEF
### [Outside Reverse Veil Piercing]

136. Defendants are without knowledge of the allegations asserted in paragraph 136, sufficient to allow them to admit or deny the same, therefore they are denied.

137. Defendants are without knowledge of the allegations asserted in paragraph 137, sufficient to allow them to admit or deny the same, therefore they are denied.

138. Defendants are without knowledge of the allegations asserted in paragraph 138, sufficient to allow them to admit or deny the same, therefore they are denied.

139. Defendants are without knowledge of the allegations asserted in paragraph 139, sufficient to allow them to admit or deny the same, therefore they are denied.

## SEVENTEENTH CLAIM FOR RELIEF
### [De Facto Merger, Continuation, Fraudulent Purpose]

140. Defendants are without knowledge of the allegations asserted in paragraph 140, sufficient to allow them to admit or deny the same, therefore they are denied.

141. The allegations of paragraph 141 are denied.

142. Defendants are without knowledge of the allegations asserted in paragraph 142, sufficient to allow them to admit or deny the same, therefore they are denied.

143. Defendants are without knowledge of the allegations asserted in paragraph 143, sufficient to allow them to admit or deny the same, therefore they are denied.

144. Defendants are without knowledge of the allegations asserted in paragraph 144, sufficient to allow them to admit or deny the same, therefore they are denied.

145. The allegations of paragraph 145 are denied.

146. The allegations of paragraph 146 are denied.

147.    The allegations of paragraph 147 are denied.

148.    The allegations of paragraph 148 are denied.

149.    Defendants deny all other allegations contained in the Complaint.

## DEFENSES, INCLUDING AFFIRMATIVE DEFENSES

1.    Defendants incorporate by reference the Motion to Dismiss, filed contemporaneously, herewith.

2.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3.    Plaintiff's Complaint fails to plead fraud with specificity pursuant to F.R.C.P. 9(b).

4.    Plaintiff's Complaint may be barred by the economic loss rule

5.    Plaintiff's Complaint may be barred by the language of the agreement(s) among the parties.

6.    Plaintiff's Complaint may be barred by lack of consideration.

7.    Plaintiff's Complaint may be barred by accord and satisfaction.

8.    Plaintiff's Complaint may be barred or limited by the doctrine of election of remedies.

9.    Plaintiff's Complaint may be barred or limited by the doctrines of ratification and consent.

10.    Plaintiff's Complaint may be barred or limited pursuant to its failure to mitigate damages.

11.    Plaintiff's Complaint may be barred or limited by the doctrine of novation.

12.    Plaintiff's Complaint may be barred by the doctrines of waiver and estoppel.

13. Defendant reserves the right to add, withdraw or amend their defenses as this matter proceeds.

14. Defendants demand a jury trial pursuant to F.R.C.P. 38.

WHEREFORE, Defendants AvBase Flight Services and Jet Partners request that the Court enter an Order for judgment in their favor and against Plaintiff DC Aviation, for recovery of their costs, for recovery of their attorney's fees, and for such further relief as the Court may deem appropriate.

DATED this 30th day of November, 2006.

**WHITE AND STEELE, P.C.**

/s/ John M. Palmeri
John M. Palmeri
950 Seventeenth Street, 21st Floor
Denver, Colorado 80202
(303) 296-2828
jpalmeri@wsteele.com

ATTORNEYS FOR DEFENDANTS

- 19 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel referenced below, this 30th day of November, 2006, addressed to:

> Bradford E. Dempsey, Esq.
> Levi D. Williamson, Esq.
> Holme Roberts & Owen, P.C.
> 1700 Lincoln Street, Ste. 4100
> Denver, Colorado 80203-4541
> brad.dempsey@hro.com
> levi.williamson@hro.com

/s/  Linda J. Bustos