IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-01960-PSF-BNB

DC AVIATION, LLC,

    Plaintiff,

v.

AVBASE FLIGHT SERVICES, LLC;
JET PARTNERS, LLC;
JOHN DePALMA;
AFS GROUP LLC, d/b/a Avbase, Avbase Aviation, LLC, Avbase Flight Services, LLC, Jet Partners, LLC, and Private Jet Management, LLC;
PRIVATE JET MANAGEMENT, LLC; and
DOES 1 - 25,

    Defendants.

---

## ORDER ON MOTION TO STRIKE

---

This matter is before the Court on Plaintiff's Motion to Strike Joint Answer of Defendants Avbase Flight Services, LLC ("Avbase") & Jet Partners, LLC ("Jet Partners") and for Other Related Relief (Dkt. # 66), filed on July 31, 2007.  The deadline for defendants to file a response was August 20, 2007, and to date, no response has been filed by Avbase or Jet Partners; however, Defendants John DePalma, AFS Group LLC, and Private Jet Management, LLC (the "Responding Defendants") filed a response on August 20, 2007 (Dkt. # 68).  Plaintiff replied on September 4, 2007 (Dkt. # 73).  The motion is ripe for disposition.

Plaintiff's motion is based on Defendants Avbase and Jet Partners's failure to comply with an order of the Magistrate Judge issued on May 18, 2007 (Dkt. # 49).  As is

relevant to the underlying motion, in that order the Magistrate Judge (1) granted in part a motion to compel filed by plaintiff and ordered all defendants to provide discovery responses by May 29, 2007, and (2) granted a motion to withdraw filed by Avbase and Jet Partners's attorneys and ordered those two defendants to obtain new counsel to enter an appearance on their behalf by May 28, 2007.  Plaintiff accurately contends Avbase and Jet Partners have not complied with these orders, and also asserts their answer should be stricken and they are subject to default.

As corporate entities, Avbase and Jet Partners may not appear in this Court without counsel.  *See e.g. Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993) (reiterating long-standing rule that "a corporation may appear in the federal courts only through licensed counsel").  Thus, corporate defendants run the risk of default by failing to obtain representation.  Moreover, Avbase and Jet Partners were ordered to obtain new counsel by May 28, 2007.  Those two companies have failed to obtain new counsel, and the Court therefore may and does strike their answer.  *Liberty Mut. Ins. Co. v. Hurricane Logistics Co.*, 216 F.R.D. 14, 15 n.3 (D.D.C. 2003) (citing *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984)).  In addition, the Court directs entry of default against Defendants Avbase and Jet Partners in accordance with Rule 55(a) of the Federal Rules of Civil Procedure.  F.R.Civ.P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . . the clerk shall enter the party's default.").  Accordingly, the Court need not address plaintiff's argument that these defendants' answer should be stricken based on their failure to comply with the Magistrate Judge's order compelling production of documents.

However, the Court finds that plaintiff's additional requested relief, a default judgment against Avbase and Jet Partners with respect to plaintiff's first and second claims for relief for breach of contract against these defendants, is inappropriate at this time. The Court notes that the alleged facts underlying many of plaintiff's claims, which include among others breach of contract, fraud, tortious interference with contract, breach of fiduciary duty, and conspiracy, significantly overlap. Given the risk of prejudice to the remaining defendants if a final judgment on the merits is entered against Avbase and Jet Partners, the Court will defer ruling on plaintiff's request for a default judgment until the claims between plaintiff and the remaining defendants are resolved. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872) (where joint charge of fraud and conspiracy was made against several defendants, one of whom defaulted, final decree on the merits against the defaulting defendant while case proceeded against the remaining defendants was improper); *see also United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, Slip Copy, 2007 WL 867988, at *5 (D. Colo. March 20, 2007) (ruling on plaintiff's motion for default judgment against one defendant would be held in abeyance until disposition of claims involving the answering defendant, as an earlier ruling on the motion "may adversely affect the issues raised by [the answering] Defendant").[1]

---

[1] The Court recognizes that plaintiff's first claim for relief for breach of lease contract is brought solely against Avbase and that plaintiff's second claim for relief for breach of guaranty contract is brought solely against Jet Partners. However, plaintiff concedes it is seeking in part to hold the Responding Defendants responsible for Avbase's and Jet Partners's obligations to plaintiff on equitable alter ego and continuation-of-business theories. Pl.'s Reply at 3. Moreover, at the very least the issue of whether Avbase and Jet Partners breached their respective contracts with plaintiff bears directly on plaintiff's cause of action against Defendants DePalma and Private Jet Management for tortious interference with those contracts. *Krystkowiak v. W.O. Brisben Cos.*, 90 P.3d 859, 871 (Colo. 2004) (an element of tortious interference is that the defendant must induce a contracting party to breach or make it impossible for the party to perform the contract).

For the foregoing reasons, Plaintiff's Motion to Strike Joint Answer of Defendants Avbase Flight Services, LLC & Jet Partners, LLC and for Other Related Relief (Dkt. # 66) is GRANTED IN PART, DENIED IN PART, and HELD IN ABEYANCE IN PART in accordance with this Order.  It is ORDERED that the Joint Answer of Defendants Avbase and Jet Partners (Dkt. # 15) is STRICKEN.  The Clerk of the Court shall enter default under F.R.Civ.P. 55(a) against Defendant Avbase on plaintiff's first, third, fifth, seventh, eleventh, twelfth, and fourteenth claims for relief, and against Defendant Jet Partners on plaintiff's second, third, sixth, seventh, eleventh, twelfth, and fourteenth claims for relief.  The Court's ruling on plaintiff's request for default judgment against Avbase and Jet Partners with respect to plaintiff's first and second claims for relief shall be held in abeyance until the disposition of the claims between plaintiff and the remaining defendants.  Finally, plaintiff's request for attorney's fees and costs incurred in bringing the underlying motion is DENIED.

DATED:  September 7, 2007

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge