IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

Civil Action No. 06-cv-01960-WYD-BNB

DC AVIATION, LLC,

    Plaintiff,

v.

AVBASE FLIGHT SERVICES, LLC;
JET PARTNERS, LLC;
JOHN DePALMA;
AFS GROUP LLC, d/b/a Avbase, Avbase Aviation, LLC, Avbase Flight Services, LLC,
Jet Partners, LLC, and Private Jet Management, LLC;
PRIVATE JET MANAGEMENT, LLC; and
DOES 1 - 25,

    Defendants.

---

## ORDER ON MOTION FOR ATTORNEYS' FEES

---

This matter is before the Court on Defendant AFS Group, LLC's ("AFS Group")

Motion for Relief from Judgment and Motion for Attorneys' Fees (Def.'s Mot.) [Doc. #

100], filed on February 20, 2008.  Plaintiff DC Aviation, LLC filed a response ("Pl.'s

Resp.") on March 25, 2008 [Doc. # 103], and AFS Group filed a reply ("Def.'s Reply") on

April 9, 2008 [Doc. # 104].  The motion is fully briefed and ripe for disposition.

## I.    BACKGROUND

Plaintiff filed this action on October 2, 2006, asserting causes of action against

five defendants.  Three of the defendants—AFS Group, John DePalma, and Private Jet

Management, LLC ("PJM")—filed a motion to dismiss for lack of personal jurisdiction.

The other two defendants—Avbase Flight Services, LLC and Jet Partners, LLC—filed

an answer that was subsequently stricken, and the clerk has entered default against both of those defendants. [Doc. # 76].

After the parties engaged in jurisdictional discovery and completed briefing on the motion to dismiss, the Court entered an order on February 8, 2008 [Doc. # 94] granting the motion as to Defendant AFS Group and dismissing the claims against that defendant without prejudice, and denying the motion as to Defendants DePalma and PJM. Later the same day, plaintiff filed a Notice of Voluntary Dismissal [Doc. # 95], purporting to voluntarily dismiss the case without prejudice with each party to bear his or its own costs and attorneys' fees. In light of that notice, the Court entered an order on February 19, 2008 [Doc. # 99], dismissing the case without prejudice, each party to bear his or its own attorney's fees and costs. Defendant AFS Group then filed the underlying motion for relief from judgment and for $27,321.04 in statutory attorneys' fees pursuant to C.R.S. § 13-17-201.

## II.    MOTION FOR ATTORNEYS' FEES

### A.    Procedural Posture

In light of the unusual sequence of events and the fact that no judgment was ever entered in AFS Group's favor, the Court will not evaluate the underlying motion as a motion for relief from judgment. Rather, the Court will review it as a fresh motion for attorneys' fees pursuant to the applicable Colorado statute.

### B.    Analysis

#### 1. Entitlement to Fees

The Tenth Circuit applies state law in deciding whether to grant attorneys' fees in diversity actions such as this. *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir.

2000). Colorado law provides that a defendant "shall have judgment for his reasonable

attorney fees" in defending a tort action that "is dismissed on motion of the defendant

prior to trial under rule 12(b) of the Colorado rules of civil procedure." C.R.S. § 13-17-

201. Federal courts have applied this rule to dismissals under Federal Rule of Civil

Procedure 12(b) as well. *E.g.*, *Jones*, 203 F.3d at 757. The statute applies when an

"entire tort action" against a single defendant is dismissed, and an award of fees in such

circumstances is "mandatory." *Sweeney v. UA Theater Circuit*, 119 P.3d 538, 541

(Colo. App. 2005); *see also Stauffer v. Stegemann*, 165 P.3d 713, 718–19 (Colo. App.

2006).

It is undisputed that plaintiff's claims against Defendant AFS Group sounded in

tort and that the Court issued an order dismissing all claims against AFS Group for lack

of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Plaintiff presents two principal

arguments against an award of attorneys' fees: (1) because AFS Group was dismissed

for lack of personal jurisdiction, Colorado substantive law, including Colorado law

regarding attorneys' fees, does not apply; and (2) AFS Group's motion is moot because

plaintiff voluntarily dismissed the case before a final judgment was entered in favor of

AFS Group. Both arguments lack merit.

Plaintiff's first argument directly contradicts the language of the statute, which

"applies whenever a tort action is dismissed prior to trial pursuant to a motion under

[Fed. R. Civ . P.] 12(b)." *Smith v. Town of Snowmass Village*, 919 P.2d 868, 872 (Colo.

App. 1996) (quotation omitted) (holding the trial court erred in refusing to award

attorneys' fees under C.R.S. § 13-17-201 after case was dismissed for lack of subject

matter jurisdiction under C.R.C.P. 12(b)(1)). The Colorado Court of Appeals has

3

expressly held in an unpublished opinion that the fee statute applies when an action is

dismissed for lack of personal jurisdiction, noting that "the plain language of § 13-17-201

makes no distinction among the various subsections of [Rule] 12(b)." *Kendall v.

Kendall*, 02CA2086, 2004 WL 1406668 (Colo. App. June 24, 2004) (unpublished).

While the opinion is not binding precedent, *Level 3 Communications, LLC v. Liebert

Corp.*, No. 03-cv-01829-EWN-CBS, 2006 WL 1223154, at *12 (May 8, 2006) (citing

*Bittle v. Brunetti*, 750 P.2d 49, 51 n.2 (Colo. 1988)), the Court finds that it comports with

published Colorado authority interpreting the relevant fee statute and is therefore

persuasive. The Court sees no reason to distinguish between dismissals for lack of

subject matter jurisdiction, which undisputedly have been held in a number of published

opinions to mandate an award of attorneys' fees, and dismissals for lack of personal

jurisdiction for purposes of applying § 13-17-201. Accordingly, the Court holds that §

13-17-201 mandates an award of reasonable attorneys' fees when a tort action against

a defendant has been dismissed for lack of personal jurisdiction under Fed. R. Civ. P.

12(b)(2).

Plaintiff next argues that AFS Group's motion is moot because plaintiff voluntarily

dismissed the action under Fed. R. Civ. P. 41 prior to the entry of a final judgment

dismissing AFS Group from this action. Colorado courts have held that "§ 13-17-201,

by implication, permits a plaintiff to avoid liability for attorney fees by seeking a voluntary

dismissal, by filing a stipulation of dismissal, or by confessing the . . . motion to dismiss."

*Smith*, 919 P.2d at 873 (citing *Employers Ins. of Wausau v. RREEF USA Fund-II

(Colorado), Inc.*, 805 P.2d 1186, 1188 (Colo. App. 1991)). These exceptions further the

statute's purpose, which is "to discourage and deter the institution or maintenance of

unnecessary litigation concerning tort claims." *Employers Ins. of Wausau*, 805 P.2d at 1188.

In this case, plaintiff waited until after the Court issued its order dismissing AFS Group for lack of personal jurisdiction before seeking a voluntary dismissal under Rule 41. At that point, the case had been pending for over a year, and the parties had engaged in considerable discovery and briefing on the jurisdictional issue. An award of attorneys' fees thus furthers the purpose of the statute as discussed in the *Employers Insurance* case. Moreover, plaintiff's argument that an award of fees is inappropriate because plaintiff sought dismissal before a final judgment was entered finds no support in the language of § 13-17-201. The statute provides for an award of fees when a tort action "is dismissed on motion of the defendant prior to trial under rule 12(b)." C.R.S. § 13-17-201. Such a dismissal occurred when this Court issued its February 8, 2008 order dismissing without prejudice the claims against AFS Group for lack of personal jurisdiction over that defendant. Allowing plaintiff to escape liability for attorneys' fees by seeking dismissal before a final judgment was entered on the Court's order would, at best, elevate form over substance and defeat the purpose of the fee statute.

Accordingly, the Court holds that AFS Group is entitled to an award of its reasonable attorneys' fees in defending this action. The Court now turns to the parties' arguments as to the appropriate amount of the fee award.

### 2. **Amount of Fees**

In determining the appropriate amount of fees to award, the Court finds guidance in cases involving awards of statutory attorneys' fees to the prevailing party in a civil rights action. As the party moving for fees, AFS Group has the burden to prove the

reasonableness of those fees. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (citation omitted). Attorneys must "keep meticulous time records that 'reveal . . . all hours for which compensation is requested and how those hours were allotted to specific tasks.'" *Id.* (quoting *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983) (alteration in original)). Moreover, the moving party must make a "good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Defendant AFS Group has been represented in this action by lawyers in three consecutive law firms. Attorneys from the law firm of White & Steele, P.C. represented all five defendants from October 2006 through January 2007; attorneys from the law firm of Brown, Berardini & Dunning, P.C. represented all five defendants from February 2007 to May 2007; and attorneys from the law firm of Allen & Vellone P.C. represented three of the defendants, including AFS Group, from April 2007 to the present. AFS Group has provided to the Court copies of the billing statements of all three firms and seeks attorneys' fees in the amount of $27,321.04, which represents one-fifth of the total amounts billed by White & Steele and Brown, Berardini & Dunning in this case and one-third of the total amount billed by Allen & Vellone. Plaintiff does not dispute the amount requested for the fees generated by White & Steele, which amounts to $3,437.40 of the total request. Thus, the Court turns to plaintiff's objection to the amount requested for fees billed by the other two firms.

The law firm of Brown, Berardini & Dunning billed a total of $20,356.99 to the five defendants in this action, and AFS Group requests one-fifth of that amount, or $4,071.39. Plaintiff "objects to the inclusion of any fees" billed by that firm, arguing that

6

"such fees were almost entirely related to transitioning the representation from White & Steele, P.C., unsuccessfully communicating with the defendants (including AFS Group) to try to secure compliance with discovery rules, attending hearings on [plaintiff's] successful Motion for Sanctions and to Compel Production, and then locating a new third set of counsel and transitioning the case to substitute counsel."  (Pl.'s Resp. at 11.)

The Court agrees with plaintiff that AFS Group is not entitled to recover fees relating to the transition of the case to new counsel.  Such a transition requires new counsel to spend time getting up to speed on the case, and plaintiff cannot reasonably be required to reimburse AFS Group for such redundant fees.  The Court also agrees with plaintiff that fees relating to plaintiff's motion to compel, including attendance at the hearing thereon, are not reasonably recoverable.  Not only did plaintiff generally prevail on this motion, but as a sanction against the defendants the Court required defendants and the law firm to pay plaintiff its costs and attorneys' fees incurred in bringing the motion.  (*See* Doc. # 49.)  Thus, defendants' fees related to defendants' own delays in responding to plaintiff's discovery requests and plaintiff's motion to compel were "unnecessary" for purposes of evaluating the reasonableness of those fees, and AFS Group is not entitled to recover them.

However, the remainder of the fees billed by Brown, Berardini & Dunning may be recovered.  Such fees related partly to discovery and partly to various other issues, and the Court will not discount all fees involving discovery based solely on plaintiff's successful motion to compel.  Based on the billing statements, the Court calculates such fees at $12,009.49, and awards one-fifth of those fees, or $2,401.90, to AFS Group.

7

The law firm of Allen & Vellone billed a total of $59,436.75 to the three defendants it represented in this action, and AFS Group requests one-third of that amount, or $19,812.25.  Plaintiff first argues that this firm's billing statements "are generally deficient as they fail to identify the partner, associate, law clerk, or paralegal that performed the listed work as required by D.C.COLO.LCivR 54.3." (Pl.'s Resp. at 12.)  However, the identity of the billing attorneys can be gleaned from a review of the description of services rendered, and AFS Group clarified in its reply brief that the only non-attorney who billed time on the case was a third-year law student, who accounted for the entries with a billing rate of $110.00 per hour.  The Court therefore holds that the billing statements will not be discounted as generally insufficient and turns to plaintiff's arguments regarding specific entries.

As discussed above, the Court will not award fees related to the transition of the case to new counsel or to plaintiff's motion to compel that resulted in sanctions against defendants.  However, the Court will not, as plaintiff requests, limit the award of fees solely to time billed preparing the briefs related to the motion to dismiss.  The fee statute, when applicable, allows recovery of "reasonable attorney fees in defending the action." C.R.S. § 13-17-201.  This language allows for a broader recovery of fees than plaintiff contends.  Moreover, the parties apparently agreed that jurisdictional discovery would be subsumed within the fact discovery to avoid duplication of discovery efforts. (*See* Pl.'s Unopposed Mot. to Conduct Discovery [Doc. # 20], at 2.)  Thus, both parties anticipated that their costs would exceed that required to litigate the personal jurisdiction issue.

The Court agrees with plaintiff's argument that the fees related to a second motion to compel filed by plaintiff [Doc. # 77] be excluded.  Although the relief requested in the motion was only partially granted, the crux of the Magistrate Judge's order [Doc. # 86] was that defendants were required to produce all responsive documents regardless of any claim of privilege in compliance with his *prior* order that all objections had been waived.  The Court declines to award AFS Group its fees incurred in relation to a motion plaintiff was compelled to file in order to ensure defendants' compliance with a previously issued discovery order.

Finally, the Court agrees with plaintiff that AFS Group should be awarded less than one-third of the fees incurred related to the preparation of the reply brief in support of the motion to dismiss for lack of personal jurisdiction.  While a portion of the legal argument in the reply applied to all three defendants, there was a much lengthier and more extensive analysis relating solely to Defendants John DePalma and Private Jet Management.  Accordingly, the Court will award Defendant AFS Group 25% of the fees incurred in preparing the reply brief.

Based on the billing statements, the Court calculates the total amount of such fees related to the reply brief at $11,728 and awards 25% of those fees, or $2,932, to AFS Group.  The Court calculates the remaining amount of Allen & Vellone's reasonable fees at $28,507, and awards one-third of those fees, or $9,502.33, to AFS Group.  Thus, the total amount of Allen & Vellone's fees awarded to AFS Group is $12,434.33.

**III.    CONCLUSION**

For the foregoing reasons, Defendant AFS Group's Motion for Relief from

Judgment and for Attorneys' Fees [Doc. # 103] is GRANTED IN PART.  The Court

awards AFS Group $3,437.40 in attorneys' fees generated by White & Steele;

$2,401.90 in attorneys' fees generated by Brown, Berardini & Dunning; and $12,434.33

in attorneys' fees generated by Allen & Vellone.  The total fee award amounts to

$18,273.63.

The Clerk of the Court shall enter judgment in favor of Defendant AFS Group and

against plaintiff for $18,273.63 in attorneys' fees.

Dated:  July 18, 2008

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge